Filed 6/11/15  Spellman v. Daniel CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| ROSE SPELLMAN, | |
| Plaintiff and Respondent, | E060026 |
| v. | (Super.Ct.No. CIVRS1105739) |
| NATHAN G. DANIEL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph R. Brisco, Judge.  Dismissed.

No appearance for Plaintiff and Respondent.

Law Offices of Joseph W. Singleton and Joseph W. Singleton for Defendant and Appellant.

Defendant and appellant Nathan Daniel appeals from the trial court's denial of his motion to terminate the restraining order issued against him, which had been requested by his former attorney, plaintiff and respondent Rose Spellman.  The restraining order at

1

issue, however, expired on its own terms at midnight on July 20, 2014. As such, defendant's appeal is moot, and will be dismissed on that basis.[1]

## I. FACTS AND PROCEDURAL BACKGROUND[2]

On September 5, 2010, Daniel retained Spellman to represent him in two cases for wrongful foreclosure, brought against two separate banks. For reasons that are a matter of some dispute between the parties, and that are irrelevant to the present appeal, Spellman subsequently brought an ex parte motion to be relieved as counsel in one of the cases, with the intention of filing a similar motion in the other case shortly thereafter. Spellman's motion was heard on June 14, 2011, and was granted.[3]

Later on the same date, June 14, 2011, Spellman initiated the present action, petitioning for a civil harassment restraining order to be issued against Daniel. Spellman's asserted basis for the restraining order was disturbing and threatening behavior by Daniel, beginning when she first requested he consent to her withdrawal as his counsel, and continuing particularly during and immediately after the hearing on her motion to be relieved as counsel. A temporary restraining order was issued on June 15, 2011. On July 20, 2011, after a series of continuances, Spellman was granted a

---

[1] Daniel's appeal in a different case involving the same two parties, appellate case No. E060174, is addressed in a separate opinion.

[2] We do not attempt an exhaustive account, but only a brief sketch of those matters necessary for context or directly relevant to the disposition of this appeal.

[3] Spellman was relieved as counsel in the second case in which she represented Daniel a month later, on July 15, 2011.

restraining order against Daniel with a duration of three years, expiring at midnight on July 20, 2014.

On June 28, 2012, Daniel filed a motion to terminate the restraining order.[4] On September 13, 2013, after hearing oral argument, the trial court denied Daniel's motion.

## II. DISCUSSION

While this appeal was pending, the date on which the restraining order at issue was set to expire, July 20, 2014, passed. On March 12, 2015, we invited the parties to file supplemental letter briefs on the issue of whether the appeal has therefore been rendered moot. Neither party filed a brief within the time set by our order.

"[A]s a general matter, an issue is moot if 'any ruling by [the] court can have no practical impact or provide the parties effectual relief.'" (*People v. J.S.* (2014) 229 Cal.App.4th 163, 170 [Fourth Dist., Div. Two], quoting *Woodward Park Homeowners Assn. v. Garreks, Inc.* (2000) 77 Cal.App.4th 880, 888.) Because the restraining order at issue has already expired under its own terms, an opinion from this court—no matter whether we were to affirm or reverse the trial court's order—would have no practical impact and would provide no effectual relief for either party. Neither party has presented any reason why we should nevertheless reach the merits of the appeal, and we can discern none from the record. The appeal will therefore be dismissed as moot.

---

[4] This was his second similar motion; his first motion to terminate the restraining order was denied on September 9, 2011. Daniel's appeal of that ruling was dismissed by this court for failure to prosecute. (Case No. E055000.)

3

## III. DISPOSITION

The appeal is dismissed as moot.  The parties each shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

KING
J.